[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

No. 07-12585

D. C. Docket No. 05-00013 CR-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN KIRK JONES,
SHANIKA NATASHA JONES,

Defendants-Appellants.

—————————————————————————

Appeals from the United States District Court
for the Middle District of Georgia

—————————————————————————

**(June 4, 2008)**

Before EDMONDSON, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Briefly stated, Defendants in the criminal law appeal raise these issues:

(1) Was the district court required, as a matter of law, to acquit all three of the co-defendants when it acquitted one co-defendant of the alleged conspiracy?

(2) Was the evidence insufficient to support Defendant Shanika Jones's conviction?

(3) Is the failure of the court reporter to transcribe recorded telephone conversations a substantial and significant omission from the trial record?

(4) Did the district court commit plain error when it admitted extrinsic fact evidence for the jury's consideration in evaluating Defendants' alleged mens rea?

(5) Did the district court err when it failed to identify and address an alleged conflict of interest involving Defendant Shanika Jones's counsel?

We answer the questions, "No."

The fifth question, in effect, seems to contain a challenge to the conviction based on a claim of ineffectiveness of counsel which we decline to decide on direct appeal. We note that neither Shanika Jones nor her counsel ever objected to or made any motion or did anything to draw the district court's attention to the possibility of a conflict of interest. The matter was apparently drawn to the district court's attention after the verdict and after the trial by a communication to the judge from the co-defendant. At sentencing, the judge asked some questions about a possible conflict. Ms. Jones's lawyer gave an explanation for why she felt she had no conflicted interests. The district court then stated that there did not appear to be a conflict and went forward. No one has argued that the purported conflict

impacted on counsel's work at sentencing. Nor was a motion made to the district court (before this appeal) to set aside the conviction on account of a conflict. On this record, the district court did not commit plain error or even abuse its discretion. Considering the need for other evidence, we leave the issue of ineffectiveness at trial to be possibly decided by means of collateral review. Today's decision is intended to be without prejudice to a later action for collateral review.

**AFFIRMED.**